IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Steven Henry,<br><br>                   Plaintiff,<br><br>v.<br><br>Laurens County, South Carolina,<br><br>                   Defendant. | Civil Action No.: _____<br><br><br><br>**COMPLAINT**<br>Jury Trial Demanded |

Plaintiff, Steven Henry, complaining of Defendant above-named would respectfully show unto this Honorable Court the following:

### I. Parties, Jurisdiction, and Venue

1. That Plaintiff is a citizen and resident of Enoree, South Carolina.

2. That at all times relevant hereto, Plaintiff was an employee of Defendant Laurens County, South Carolina.

3. That this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343, because this action alleges a violation of Title VII of the Civil Rights Act of 1964, *et seq.* and 42 USC § 1981.

4. That venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant conducts business in this judicial division, and the unlawful employment practices giving rise to Plaintiff's claims were committed within this judicial division.

5. That Defendant is an "employer" for purposes of the Title VII because it is a business that engages in commerce and it has employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

6. That Plaintiff has exhausted his administrative remedies by filing two Charges of Discrimination (discrimination and retaliation) against Defendant. Plaintiff received two Dismissals and Notices of Right to Sue, both dated Septembers 11, 2020, from the Equal Employment Opportunity Commission ("EEOC"). That this action is timely filed.

## II. Facts

7. That Plaintiff began working for Defendant in May 2018. That Plaintiff was hired as the Human Resources Benefits Coordinator. That Plaintiff resigned from the position in mid-December 2019.

8. That at all times relevant to this Complaint, Plaintiff was a good and faithful employee of Defendant. Plaintiff was never reviewed or evaluated as an employee, but he was similarly never notified of any performance deficiencies or disciplined in any manner.

9. That early in Plaintiff's employment with Defendant, he noticed that his pay was incorrect because persons in lower positions, i.e., payroll clerks, were paid more than him. That Plaintiff raised a concern about this apparent pay disparity with Defendant's Caucasian Human Resources Director and with Defendant's Caucasian County Administrator. That Defendant's County Administrator initially told Plaintiff he had money set aside for a pay raise for Plaintiff, but Plaintiff never received the promised pay raise.

10. That during his employment, Plaintiff filed an EEOC Charge of Discrimination alleging race discrimination after Defendant's County Administrator refused to promote Plaintiff to be the Deputy Director of Human Resources or raise Plaintiff's pay to a level that was commensurate with his skills and training and comparable with Caucasian co-workers and after Defendant promoted Plaintiff's Caucasian co-workers.

11. That after Defendant learned of Plaintiff's Charge of Discrimination alleging race discrimination, Defendant's County Administrator retaliated against Plaintiff by locking file cabinets that contained critical materials that Plaintiff needed regularly to perform his duties, resulting in unnecessary complications for Plaintiff to do his job and negatively impacting his productivity. That among other retaliatory acts, Defendant retaliated by directing a janitor and payroll clerk to watch Plaintiff and report to Defendant's County Attorney and County Administrator about Plaintiff's coming and going. That the janitor was not charged with similarly observing and reporting on Plaintiff's Caucasian colleagues. That Defendant's agents would plan and conduct meetings that touched on Human Resource issues, but would not include Plaintiff.

12. That Plaintiff complained about such retaliatory treatment, but it continued.

13. That because the working environment was so toxic and because Defendant's agents continued to systematically retaliate against Plaintiff and place obstacles in Plaintiff's way after it learned of his Charge of Discrimination, Plaintiff ultimately resigned in mid-December 2019.

**FOR A FIRST CAUSE OF ACTION**
**(Title VII -Race Discrimination)**

14. That Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim.

15. That Plaintiff is a member of a protected class, based on his race, African-American.

16. That Defendant's agents, and particularly its Caucasian County Administrator, treated Plaintiff differently than it treated Caucasian employees in the terms and conditions of

employment, in the promotional opportunities, and in the manner in which it paid Plaintiff and his Caucasian comparators.

16. That Plaintiff expressed interest in, and applied for, positions for which he was qualified and he was rejected, but Caucasian co-workers applied for director-level position and those employees were promoted when Plaintiff was not.

17. That such disparate treatment based on race was not grounded in any legitimate, non-discriminatory business interest.

18. That any proffered reason that Defendant offers for its actions is pretext for illegal discrimination based on Plaintiff's race, African-American.

19. That Defendant's unlawful discrimination against Plaintiff has directly and proximately caused him to suffer actual damages in the form of a loss of wages and employment benefits, the added pay that would come from a promotion to a director-level position, stress, emotional distress, humiliation, embarrassment, and loss of enjoyment of life. That, accordingly, Plaintiff is entitled to recover in this action actual damages from Defendant sufficient to compensate him for past and future lost wages and employment benefits and emotional distress caused by Defendant's unlawful retaliation.

20. That, upon information and belief, Defendant's discrimination against Plaintiff was intentional and in reckless disregard for his rights to be free from same. Therefore, Plaintiff is also entitled to recover punitive damages against Defendant in an amount to be determined by a jury, sufficient to deter Defendant and others from engaging in such discriminatory actions in the future.

21. That Plaintiff is also entitled to an award of reasonable attorney's fees, expert

fees, and costs incurred in bringing this action.

## FOR A SECOND CAUSE OF ACTION
### (Title VII -Retaliation)

22.  That Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim.

23.  That after Plaintiff recognized that he was being treated differently than his Caucasian colleagues, Plaintiff filed a Charge of Discrimination with the EEOC.

24.  That filing a Charge of Discrimination alleging race discrimination constitutes "protected activity."

25.  That when Defendant became aware Plaintiff filed a Charge of Discrimination alleging race discrimination, Defendant began to treat Plaintiff even worse than before by locking file cabinets that contained critical materials that Plaintiff needed regularly to perform his duties, resulting in unnecessary complications for Plaintiff to do his job and negatively impacting his productivity.  That among other retaliatory acts, Defendant retaliated by directing a janitor and payroll clerk to watch Plaintiff and report to Defendant's County Attorney and County Administrator about Plaintiff's coming and going.  That the janitor was not charged with similarly observing and reporting on Plaintiff's Caucasian colleagues.  That Defendant's agents would plan and conduct meetings that touched on Human Resource issues, but would not include Plaintiff.

26.  That such mistreatment directed at Plaintiff as s direct and proximate result of his having engaged in protected activity constitutes a tangible, adverse employment action that negatively impacted Plaintiff.

27.  That any proffered reason that Defendant offers for its actions in retaliating

against Plaintiff is pretextual.

28. That Defendant's unlawful retaliation against Plaintiff has directly and proximately caused him to suffer actual damages in the form of a loss of wages and employment benefits that he felt when he left his employment after feeling the strain of Defendant's retaliation, stress, emotional distress, humiliation, embarrassment, and loss of enjoyment of life. That, accordingly, Plaintiff is entitled to recover in this action actual damages from Defendant sufficient to compensate him for past and future lost wages and employment benefits and emotional distress caused by Defendant's unlawful retaliation.

29. That, upon information and belief, Defendant's retaliation against Plaintiff was intentional and in reckless disregard for his rights to be free from same. Therefore, Plaintiff is also entitled to recover punitive damages against Defendant in an amount to be determined by a jury, sufficient to deter Defendant and others from engaging in such retaliatory actions in the future.

**FOR A THIRD CAUSE OF ACTION**
**(Violation of 42 USC § 1981)**

30. That Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim.

31. That Plaintiff is an African-American male.

32. That Plaintiff's race was a motivating factor in Defendant's handling of Plaintiff's complaints about race discrimination and its ensuing retaliatory conduct toward Plaintiff.

33. That Plaintiff complained to many in positions of authority about the discriminator employment practices that he endured and the retaliation that followed his protected activity.

34. That in its denial of Plaintiff's requests to be promoted, his requests for pay equity, and in retaliating against him after he engaged in protected activity, Defendant discriminated against Plaintiff on the basis of his race, contrary to the protections of 42 USC § 1981.

35. That Defendant's unlawful discrimination and retaliation against Plaintiff has directly and proximately caused him to suffer actual damages in the form of a loss of wages and employment benefits, stress, emotional distress, humiliation, embarrassment, and loss of enjoyment of life.

36. That, accordingly, Plaintiff is entitled to recover in this action actual damages from Defendant sufficient to compensate him for past and future lost wages and employment benefits and emotional distress caused by Defendant's unlawful discrimination and retaliation.

37. That, upon information and belief, Defendant's discrimination and retaliation against Plaintiff was intentional and in reckless disregard for his rights to be free from same. Therefore, Plaintiff is also entitled to recover punitive damages against Defendant in an amount to be determined by a jury, sufficient to deter Defendant and others from engaging in such retaliatory actions in the future.

38. That Plaintiff is also entitled to an award of reasonable attorney's fees, expert fees and costs incurred in bringing this action.

WHEREFORE, having fully set forth his allegations against Defendant, Plaintiff respectfully requests the following relief:

    a. Back pay, front pay, lost employment benefits, and interest thereon;

    b. Compensatory damages for other economic losses directly and

        proximately caused by Defendant's unlawful conduct;

c.    Compensatory damages for emotional distress;

d.    Punitive damages;

e.    Attorney's fees, expert fees, and costs; and

f.    Such further relief as the Court deems just and appropriate.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

RESPECTFULLY SUBMITTED,

GAFFNEYLEWIS LLC

s/Amy L. Gaffney
Amy L. Gaffney, Esquire
D.C.I.D. Number: 6316
3700 Forest Drive, Suite 400
Columbia, SC 29204
(803) 790-8838
agaffney@gaffneylewis.com

This the 1st day of November, 2020